| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ACDI GROUP, LLC, a limited liability company ) | **MOTIONS, DEFENSES** |
| SOLUTIONS TO PORTFOLIOS, LLC, ) | **and ANSWER** |
| a limited liability company, ) | |
| ) | (JURY TRIAL DEMANDED) |
| and ) | |
| ) | |
| ANTHONY SWATSWORTH, individually as an ) | |
| Officer of ACDI GROUP, LLC and ) | |
| SOLUTIONS TO PORTFOLIOS, LLC, ) | |
| ) | |
| Defendants. | |

NOW COME the Defendants, by and through Counsel hereby responding to Plaintiff's Complaint as follows;

## MOTIONS

### MOTION TO DISMISS
**[Rule 12(b)(6)]**

Defendants, individually and/ or collectively specifically plead as an affirmative defense and in bar to Plaintiff's claims a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted. Specifically, but not limited to; Plaintiff is and has been in possession of evidence, which is in the form of deposition testimony and other documentation supplied since early 2015 that demonstrates Defendants, either individually or collectively did not engage in the unlawful acts or conduct in the manner in which Plaintiff alleges.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
**[Waiver ]**

Plaintiff's claims against are barred, in whole or in part, pursuant to the doctrine of waiver. Plaintiff is and has been in possession of this evidence, which is in the form of deposition testimony, sworn statements, and other documentation supplied to Plaintiff by Defendant(s) since early 2015.

## SECOND DEFENSE
### [Estoppel]

Plaintiff's claims against Defendants, individually and/ or collectively are barred, in whole or in part, pursuant to the doctrine of estoppel. Plaintiff is and has been in possession of deposition testimony, court order(s), and other documentation regarding Defendant(s) conduct, individually and/ or collectively that prohibited Defendant(s) from performing any act Plaintiff now alleges Defendant(s) should or should not have performed.

## THIRD DEFENSE
### [Bona Fide Error Defense]

Plaintiff's claims against are barred, in whole or in part, by the fact that any action or conduct alleged as to Defendants, individually and/ or collectively was unintentional and resulted from a bona fide error. Plaintiff is and has been in possession of this evidence, which is in the form of deposition testimony, sworn statements, and other documentation supplied to Plaintiff by Defendant(s) since early 2015.

## FOURTH DEFENSE
### [Condition of Mind Defense]

If, in fact, Defendants, individually and/ or collectively performed any wrongful acts, which is specifically denied, such acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully, or wantonly. Plaintiff is and has been in possession of this evidence, which is in the form of deposition testimony and other documentation supplied since early 2015.

## FIFTH DEFENSE
### [Compliance with Federal Trade Commission]

At all pertinent times, Defendants, individually and/ or collectively acted in compliance with the Federal Trade Commission regulations, directives, and Court Order issued at the request of the Federal Trade Commission applicable to Defendant(s).

## ANSWER

1. Defendants admit the Plaintiff in the action is the Federal Trade Commission and it is seeking legal relief as to Defendants. As to the remaining allegations contained in paragraph 1 of the Complaint, Defendants are either without knowledge or sufficient information to respond and therefore are unable to respond. To the extent a further response is necessary, the allegations contained in paragraph 1 are denied

## JURISDICTION AND VENUE

2. Defendants admit the allegations contained in paragraph 2 upon information and belief.

3. Defendants admit the allegations contained in paragraph 3 upon information and belief.

## PLAINTIFF

4. The allegations contained in paragraph 4 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

5. The allegations contained in paragraph 5 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

## DEFENDANTS

6. The allegations contained in paragraph 6 are admitted.

7. The allegations contained in paragraph 7 are admitted.

8. It is admitted that Defendant Anthony Swatsworth is the sole owner and managing member of ACDI and STP and that he resides in this district. The remaining allegations contained in paragraph 8 are denied.

9. The allegations contained in paragraph 9 are denied.

## COMMERCE

10. The allegations contained in paragraph 10 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

## DEFENDANTS' BUSINESS PRACTICES

11. It is admitted that Defendant ACDI and Defendant STP are owned by Defendant Swatsworth and that Defendant ACDI purchased consumer debt and Defendant STP collected on consumer debt. The remaining allegations are denied.

12. It is admitted that Defendant ACDI purchases debt. It is further admitted that on or about July 2014, Defendant ACDI purchased a portfolio of past due debts via a broker, UDH, who represented a third party seller, SQ Capital. The remaining allegations are denied, especially the inference and/ or allegations by Plaintiff that any of the Defendants named herein had any knowledge, or basis to believe, or ability to ascertain that said alleged debts were "purported" to be false in any manner whatsoever.

13. It is admitted that Defendant ACDI purchases debt, a debt portfolio contains more than one debtor, and that identifying information for the debtors is provided as part of the portfolio. The remaining allegations of paragraph 13 are denied.

14. It is admitted the Defendant STP began collecting on the debt portfolio purchased from SQ Capital following its acquisition. It is further admitted that upon receipt of a higher than normal number of complaints from consumers and upon receipt of backup information from consumers that Defendant STP contacted the broker, UDH to report the information. The remaining allegations are denied.

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants lack knowledge or sufficient information to respond and therefore are unable to respond. To the extent a further response is necessary, the allegations contained in paragraph 17 are denied.

18. Defendants lack knowledge or sufficient information to respond and therefore are unable to respond to the allegations regarding SQ Capital. The allegations contained in paragraph 18 are denied.

19. The allegations contained paragraph 19 are denied.

## **VIOLATIONS OF SECTION 5 OF THE FTC ACT**

20. The allegation state a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

21. The allegation state a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

## **COUNT I**

22. It is admitted that STP is a debt collection company. The remaining allegations are denied.

23. Defendants deny the allegations contained in paragraph 23.

24. Defendants deny the allegations contained in paragraph 24.

## **VIOLATIONS OF THE FDCPA**

25. The allegations contained in paragraph 25 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

26. The allegations contained in paragraph 26 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

27. The allegations contained in paragraph 27 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

28. The allegations contained in paragraph 28 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT II

29. The allegation contained in paragraph 29 are denied.

## CONSUMER INJURY

30. The allegation contained in paragraph 30 are denied.

## THIS COURT'S POWER TO GRANT RELIEF

31. The allegations contained in paragraph 31 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray the Court;

1. Deny Plaintiff's request for injunctive relief of any kind or manner whatsoever;
2. Dismiss the Plaintiff's Complaint with Prejudice;
3. Enter an award granting Defendant attorney fees and costs in the defense of this action;
4. For such other and further relief as the Court deems appropriate.

**Defendant demands a trial by jury.**

                                                          */s/ Laura H. Budd*_____
Laura H. Budd
*Attorney for Defendants*
NC State Bar # 28823
10550 Independence Pointe Pkwy Ste. 301
Matthews, North Carolina 28105
Telephone: (704) 841-0760
Facsimile: (704) 844-8936
Email: lbudd@thebuddlawgroup.com

# CERTIFICATE OF SERVICE

I hereby certify on July 28, 2017 that I electronically filed the foregoing *Defendants' Motions, Affirmative Defenses, and Answer to Plaintiff's Complaint* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

David Shonka
Nikhil Singhvi
Michael White
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mailstop CC-10232
Washington D.C. 20580
Telephone: (202) 326-3480 (Singhi)
Telephone: (202) 326-3196 (White)
Facsimile: (202 326-3768
Email: nsinghi@ftc.gov; mwhite@ftc.gov

                */s/ Laura H. Budd*_____
                Laura H. Budd
                *Attorney for Defendants*
                NC State Bar # 28823
                10550 Independence Pointe Pkwy Ste. 301
                Matthews, North Carolina 28105
                Telephone: (704) 841-0760
                Facsimile: (704) 844-8936
                Email: lbudd@thebuddlawgroup.com