# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# NO. 3:17-cv-340-GCM

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY SWATSWORTH,<br>ACDI GROUP, LLC, and<br>SOLUTIONS TO PORTFOLIOS, LLC,<br><br>Defendants. | ORDER |

## ORDER FOR PERMANENT INJUNCTION AND JUDGMENT

Plaintiff Federal Trade Commission ("FTC") filed a complaint on June 22, 2017 seeking a permanent injunction and other equitable relief, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and Section 814(a) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*(a). Plaintiff has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 on all counts against Defendants ACDI Group, LLC ("ACDI"), Solutions to Portfolios, LLC, d/b/a STP Management Group ("STP"), and Anthony Swatsworth (collectively, "Defendants"). On August 22, 2018, the Court granted in part and denied in part the FTC's motion for summary judgment, finding that Defendants violated the FTC Act and that ACDI and STP violated the FDCPA. (ECF No. 56.) On August 23, 2018, the Court heard argument from the parties regarding injunctive relief, during which the Court expressed concerns about the compliance and monitoring provisions and other terms in the FTC's proposed order. On August 24, 2018, the Court entered an order holding Defendants jointly and severally liable for repayment of $31,763.54 to injured consumers, directing Defendants to reimburse consumers directly and bear the costs of such reimbursement, and directing the parties

to provide supplemental briefing on the issue of injunctive relief. (ECF No. 57.) The Court, having considered the parties' submissions, enters this Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all remaining matters in dispute in this action.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "Debt" means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

B. "Debt collection activities" means any activities of a debt collector to collect or attempt to collect, directly or indirectly, a debt owed or due, or asserted to be owed or due.

C. "Debt collector" means any person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term also includes any creditor who, in the process of collecting its own debts, uses any name other than its own that would indicate that a third person is collecting or attempting to collect such debts. The term also includes any person to the extent that such person collects or attempts to collect any debt that was in default at the time it was obtained by such person.

D. "Defendants" means the Individual Defendant and the Corporate Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known.

    1. "Corporate Defendants" means ACDI Group, LLC and Solutions to Portfolios, LLC, d/b/a STP Management Group, and their successors,

assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known.

2. "Individual Defendant" means Anthony Swatsworth.

E. "Investigation" includes objectively evaluating the circumstances and considering information, including an assessment of the relevance, reliability, accuracy, integrity, and completeness of such information, to determine whether a debtor owes a debt in the amount asserted by Defendants while collecting on debt. The information Defendants shall assess in an Investigation, where applicable, shall include but not be limited to:

1. the information that Defendants received from the credit originator or the creditor to whom the debt is owed, such as: (a) the debtor's credit application, (b) the credit contract between the debtor and the credit originator, (c) documents with the current or former name, address, and telephone phone number of the debtor, (d) documents with the debtor's account number, in whole or in part, and account statements, (e) documents with the date and amount of any payments, (f) documents with the date and outstanding balance at charge-off, and (g) collector's notes;

2. the information that Defendants received from data aggregators, data brokers, consumer reporting agencies, skip tracers, and other third-parties, such as: (a) documents with the current or former name, address, and telephone number of the debtor, (b) documents with consumer report information, including credit scores and updates to the information in credit reports, and (c) the scoring of the debt through the use of a predictive model;

3. the information that Defendants created or maintained in collecting on the debt, such as collectors' notes; and

4. the information Defendants received from the debtor denying, disputing, or challenging the claim that the debtor owes the debt or the amount of the debt, such as: (a) documents with the debtor's current or former name, address, and telephone number, (b) receipts or other evidence of payment from the credit originator, the creditor to whom the debt is owed, or a debt collector, (c) canceled checks, bank account statements, credit card statements, and other documents evidencing payment, and (d) a consumer report relevant to the disputed item.

F. "Person" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

G. "Portfolio" means the portfolio of purported past-due payday loan debt purchased by ACDI from SQ Capital, LLC on or about July 24, 2014, containing 2335 records of purported "500FastCash" debt.

H. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the applicable phrase or sentence inclusive rather than exclusive.

**FINDINGS**

1. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to issue injunctive and other relief against violations of the FTC Act and, in the exercise of its equitable jurisdiction, to award redress and restitution to remedy the injury to consumers, to order

disgorgement of profits resulting from Defendants' unlawful acts or practices, and issue other ancillary equitable relief.

2. The Individual Defendant and the Corporate Defendants are likely to continue to engage in the activities alleged in the Complaint or otherwise violate the FTC Act and the FDCPA unless they are prohibited from doing so by order of the Court. Accordingly, it is proper in this case to issue a permanent injunction that, inter alia: (a) prohibits Defendants from engaging in any debt collection violations; (b) requires Defendants reasonably investigate debts that are disputed; (c) prohibits Defendants from disclosing, using, or benefitting from previously obtained consumer information that is unverified; and (d) provides for monitoring by Plaintiff of Defendants' compliance with such a permanent injunction.

3. Defendants have caused consumer injury in the amount of at least $31,397.29.

4. It is proper in this case to enter a monetary judgment in the amount of $31,397.29 against Defendant Swatsworth and the Corporate Defendants, jointly and severally, as equitable monetary relief in the form of restitution.

5. This action and the relief awarded herein are in addition to, and not in lieu of, other remedies that may be provided by law, including both civil and criminal remedies.

6. Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon each Defendant, their successors and assigns, and their officers, agents, employees and attorneys, and upon those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

7. Entry of this Order is in the public interest.

# ORDER

## INJUNCTION AGAINST UNLAWFUL COLLECTION PRACTICES

**I.** **IT IS THEREFORE ORDERED** that Defendants, Defendants' officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with debt collection activities, are permanently restrained and enjoined from:

   A. Using any false, deceptive, or misleading representation or means, including, but not limited to, falsely representing, directly or indirectly, expressly or by implication:

   1. that Defendants have authority to collect on a debt;

   2. the character, amount or legal status of any debt;

   3. that a consumer is delinquent on a debt;

   4. that a consumer can be sued, arrested, or imprisoned for failing to pay a debt; and

   5. any other material fact; and

   B. Violating any provision of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) (a copy of which is attached hereto as Attachment A), including, but not limited to, Section 807, 15 U.S.C. § 1692e.

## INJUNCTION AGAINST UNSUBSTANTIATED CLAIMS

**II.** **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with debt collection activities, are permanently restrained and enjoined from:

A. Representing, expressly or by implication, that a debtor owes a debt, that Defendants have authority to collect on a debt, or the amount of a debt, when, at the time of the representation, Defendants do not have a reasonable basis for such a representation, including but not limited to instances where:

1. Debtors have disputed or attempted to dispute the validity or accuracy of the debt and Defendants have failed to review information substantiating the amount of debt, or failed to consider the debtors' disputes, prior to continuing collection; or

2. Defendants have knowledge or reason to believe that a specific debt portfolio contains unreliable data but fail to obtain information substantiating the accuracy of the data prior to collecting; and

B. Failing, after a debtor denies, disputes, or challenges the Defendants' claim that the debtor owes the debt, or owes the debt in the amount asserted, to:

1. within fourteen (14) days after the denial, dispute, or challenge, or when the debt is next reported to a consumer reporting agency, if earlier: report the debt as disputed or request deletion of that item from the debtor's credit reporting file by any credit reporting agency to which the debt was reported by Defendants; and

2. promptly after the denial, dispute, or challenge:

    (a) cease collection, and not sell, provide, or transfer the debt to any person or entity other than the creditor to whom the debt is owed; or

    (b) commence and complete, within thirty (30) days after a debtor denies, disputes, or challenges Defendants' claim that the debtor owes the debt or

that it owes the debt in the amount asserted, an Investigation of the denial, dispute, or challenge, ***provided that*** Defendants shall not be required to investigate any denial, dispute, or challenge more than once unless the debtor provides to Defendants or the Defendants otherwise acquire or obtain information, data, or documentation that was not considered in any prior investigation. Defendants shall notify the debtor within five (5) business days if the denial, dispute, or challenge is not investigated under this proviso.

(i) if Defendants reasonably conclude after their Investigation that the debtor owes the debt in the amount asserted, Defendants, within five (5) days of reaching their conclusion, shall provide verification of the debt to the debtor, inform the debtor of their conclusion, and provide the basis for it, after which they may continue collection. If the debtor continues to dispute the debt, nothing in this order supersedes the requirement of § 623(a)(3) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s- 2(a)(3), that Defendants convey the dispute when furnishing information on the debt to any consumer reporting agency.

(ii) if Defendants reasonably conclude after their Investigation that the debtor does not owe the debt or the debt cannot be verified, Defendants shall, within five (5) days of reaching their conclusion: (a) inform the debtor of their conclusion and the basis for it; (b) request that each consumer reporting agency to which the debt has

been reported delete the debt from the debtor's credit reporting file; (c) cease collection; and (d) not sell, provide, or transfer the debt to any person or entity other than the creditor to whom the debt is allegedly owed.

(iii) if Defendants reasonably conclude after their Investigation that the debtor does owe the debt but not in the amount that Defendants asserted, Defendants shall, within five (5) days of reaching their conclusion: (a) inform the debtor of their conclusion and the basis for it; and (b) provide to each consumer reporting agency to which the debt has been reported any correction to the reported information that is necessary to make the information provided by Defendants accurate, after which they may continue collection.

*Provided that*, if the debtor initiates contact with Defendants by any means, Defendants may respond to the debtor prior to the completion of the Investigation.

*Provided further that*, nothing in this Part affects Defendants' obligation to comply with all applicable provisions of the FDCPA and the FCRA.

*Provided further that*, nothing in this Part prohibits Defendants from requiring debtors who deny, dispute, or challenge a debt on the grounds of fraud or identity theft to do so in writing, so long as Defendants clearly and conspicuously disclose these requirements to debtors. Once Defendant receives an identity theft report, the requirements of § 623(a)(6)(B) of the FCRA, 15 U.S.C. § 1681s-2(a)(6)(B), apply.

## MONETARY RELIEF AND CONSUMER REDRESS

**III.** **IT IS FURTHER ORDERED** that

    A.    As ordered by the Court on October 11, 2018, judgment in the amount of THIRTY ONE THOUSAND, SEVEN HUNDRED SIXTY THREE DOLLARS AND FIFTY FOUR CENTS ($31,763.54) is entered against Defendants, jointly and severally, as equitable monetary relief.

    B.    As ordered by the Court on August 24, 2018, Defendants shall refund all ($31,763.54) in payments they received from consumers in connection with the Portfolio and bear the costs of such redress.

    C.    If any consumer's check is returned as undeliverable, Defendants shall perform skiptracing or a public records search to attempt to obtain additional address information for such consumer. Defendants shall report to the Court and simultaneously the FTC failed deliveries and additional address information as set forth below.

    D.    Defendants shall provide periodic reports to the Court and simultaneously the FTC regarding their efforts to make redress payments to consumers. Such reports will detail, for each consumer to whom a refund payment is owed: (a) the consumer's name and phone number, (b) the check amount, (c) the check number, (d) the address(es) of the mailing attempt(s), (e) the date(s) of the mailing attempt(s), (f) whether the consumer cashed the check, (g) whether the envelope was returned as undeliverable, (h) the results of skiptracing or other public records searches for consumers whose mailing was returned as undeliverable, (i) and such other information regarding Defendants' redress efforts that the FTC reasonably requests.

Such reports shall be submitted to the Court under seal and sent via email to an FTC employee so designated by the FTC to Defendants' counsel, beginning 15 days after entry of this Order and continuing every 60 days thereafter until Defendants' obligations under this Section are concluded.

E. Defendants shall maintain all financial institution records related to the refund payments required by this Section, including, but not limited to, bank statements and images of cashed checks. Such records shall be sent via email to an FTC employee so designated by the FTC to Defendants' counsel, beginning 15 days after entry of this Order and continuing every 60 days thereafter until Defendants' obligations under this Section are concluded.

F. Defendants shall be responsible for ensuring that the account on which checks are drawn has sufficient funds. If any check issued by Defendants is returned to the consumer's financial institution as having been drawn on insufficient funds, Defendants, upon receipt of written documentation regarding the fee incurred by the consumer, shall reimburse such fee (along with the original refund amount) within 5 days.

G. Defendants shall bear all costs associated with refunding consumers and reporting redress efforts and supplying related documentation to the FTC, and shall not deduct any costs from consumers' refund payments. Such costs include, but are not limited to, postage, skiptracing or other public records searches, financial institution fees, and Defendants' attorneys' fees.

H. Defendants' redress obligations under this Section shall cease upon the completion of all required payments to consumers or after 12 months, whichever occurs

sooner. If after 12 months Defendants have not made all redress payments as required by this Section, Defendants shall remit the unpaid balance to the Commission within 10 days.

I. Any funds paid to the FTC pursuant to Section III.H of this Order shall be deposited into a fund administered by the FTC or its agents to be used for other equitable relief (including consumer information remedies) as the FTC determines to be reasonably related to Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as equitable disgorgement. Defendants shall have no right to challenge the FTC's choice of remedies under this Section.

J. Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

K. Defendants shall use information regarding consumers in the Portfolio solely for administering redress in accord with this Section and not for any other purpose. Without limiting the foregoing, Defendants shall not (i) sell or transfer any information regarding any consumer in the Portfolio, (ii) attempt to collect any debt from any consumer in the Portfolio, or (iii) offer or sell any product or service to any consumer in the Portfolio. Upon written request of the FTC after Defendants' obligations under this Section cease, Defendants shall destroy all information related to consumers in the Portfolio, in all forms in Defendants' possession, custody or control.

L. The judgment entered pursuant to this Section is equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment or forfeiture.

## ORDER ACKNOWLEDGMENTS

**IV.** **IT IS FURTHER ORDERED** that the Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 15 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 2 years after entry of this Order, the Individual Defendant for any business that he, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and the Corporate Defendants, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. To all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

**COMPLIANCE REPORTING**

**V.     IT IS FURTHER ORDERED** that the Defendants make timely submissions to the FTC:

A.   One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

   1.   Each Defendant must: (a) identify the primary physical, postal, and email addresses and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with such Defendant; identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which the Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC;

   2.   Additionally, the Individual Defendant must: (a) identify all telephone numbers and physical, postal, email, and Internet addresses, including all residences; (b) identify all business activities, including any business for which the Individual Defendant performs services whether as an employee or otherwise and any entity in which the Individual Defendant has any ownership interest; and (c) describe in detail the Individual Defendant's

involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.  For 2 years following entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 30 days of any change in the following:

1.  Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that such Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.  Additionally, the Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which the Individual Defendant performs services whether as an employee or otherwise and any entity in which the Individual Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C.  Each Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 30 days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: "_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. ACDI Group, LLC, et al.*, Matter Number X170042.

## RECORDKEEPING

**VI.     IT IS FURTHER ORDERED** that each Defendant must create records for 5 years following entry of this Order, and retain each such record for 5 years. Specifically, the Corporate Defendants and the Individual Defendant for any business in which the Individual Defendant, individually or collectively with any other Defendant, is a majority owner or directly or indirectly controls, must maintain the following records:

   A. Consumer debt portfolios, purchased, sold, or brokered by Defendants, and any other records pertaining to consumers from whom Defendants attempt to collect debts;

   B. Records showing debt collection payments received from consumers;

C. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

D. Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response; and

E. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC.

## COMPLIANCE MONITORING

**VII. IT IS FURTHER ORDERED** that, for the purpose of monitoring the Defendants' compliance with this Order, including any failure to provide an accounting of or transfer any assets as required by this Order:

A. Within 30 days of receipt of a written request from a representative of the FTC, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.

B. For matters concerning this Order, the FTC is authorized to communicate directly with each Defendant. The Defendants must permit representatives of the FTC to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The FTC may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to the Defendants or any individual or entity affiliated with the Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the FTC's

lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the FTC, any consumer reporting agency must furnish consumer reports concerning the Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## ENTRY OF JUDGMENT

**VIII. IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this judgment, and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk immediately shall enter this Order as a final civil judgment as to Defendants Anthony Swatsworth, ACDI Group, LLC and Solutions to Portfolios, LLC, d/b/a STP Management Group.

## JURISDICTION

**IX. IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED.**

Signed: December 2, 2019

Graham C. Mullen
United States District Judge